RENDERED:  SEPTEMBER 5, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1283-ME

C.J.                                                                                      APPELLANT


APPEAL FROM MONTGOMERY CIRCUIT COURT
v.          HONORABLE MONICA LACY, SPECIAL JUDGE
ACTION NO. 22-AD-00037


CABINET FOR HEALTH AND
FAMILY SERVICES,
COMMONWEALTH OF KENTUCKY;
A.G.E., A MINOR CHILD; AND
G.M.D.                                                                               APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND MOYNAHAN,
JUDGES.

ACREE, JUDGE:  C.J. (Father) appeals the Montgomery Circuit Court's

termination of his parental rights to A.G.E. (Child).  We affirm.

Child was born in January 2018 and was committed to the care of the

Cabinet for Health and Family Services (CHFS) in May 2018.  Child has been in

foster care for more than six years. Father was incarcerated during the termination proceedings below, as he has been for most of Child's life. Given Father's incarceration, the trial court appointed counsel to represent him in the proceedings.

The trial court conducted the termination hearing in September 2024. Child's mother did not object to termination of her parental rights, and instead reached an agreement with Child's foster parents allowing her two supervised visits per year. (Record (R.) 638).

With respect to Father's parental rights, the trial court concluded Father neglected Child, furnishing grounds to terminate his parental rights pursuant to KRS[1] 625.090(1)(a)2. and the satisfaction of additional statutory requirements.

KRS 625.090 sets forth the grounds for involuntarily terminating parental rights and a family court "has wide discretion" in doing so. *Cabinet for Health and Family Servs. v. K.H.*, 423 S.W.3d 204, 211 (Ky. 2014). We undertake review pursuant to a "clearly erroneous standard which focuses on whether the family court's order of termination was based on clear and convincing evidence." *Id.* Reviewing for clear error, we are "obligated to give a great deal of deference to the family court's findings and should not interfere with those findings unless the record is devoid of substantial evidence to support them." *Id.*

---

[1] Kentucky Revised Statutes.

Father's counsel filed an *Anders*-style brief pursuant to the procedures we first set forth in *A.C. v. Cabinet for Health and Family Services*, 362 S.W.3d 361, 371 (Ky. App. 2012), and tendered a motion to withdraw. We passed the motion to withdraw and gave Father thirty days to file a supplemental brief if he so desired. Father never filed a supplemental brief.

We reviewed Father's brief and the record at length but failed to discover a meritorious argument supporting reversal of the judgment. We need not review the trial court's factual findings at length. In essence, Father has been incarcerated for most of Child's life, and simply has not been a parent to Child in any meaningful way. As the trial court put it: "[Father] has never provided [Child] with any care, supervision, food, clothing, shelter, education or medical care." (R. 639). The trial court further found that while Father had been out of custody for approximately eighteen cumulative months of Child's life, Father "never worked" during that time (R. 639), and Father "still had limited or no contact with [Child]." (R. 640). A CHFS employee testified that even in instances when Father was not incarcerated, he made no effort to complete tasks in his case plan. (Video Record (VR) 9/12/24 at 9:51:10 AM). Father confirmed in his own testimony he has never actually "parented" Child due to his incarceration. (VR 9/12/24 at 10:52:10 AM).

A trial court cannot order termination of a party's parental rights unless at least one of the eleven grounds enumerated in KRS 625.090(2) is satisfied and, in this matter, the trial court concluded termination could proceed pursuant to KRS 625.090(2)(a), (e), (g), and/or (j). The trial court also concluded termination of Father's parental rights to Child was in Child's best interest pursuant to KRS 625.090(1)(c). Based on the substantial evidence of record, we discern no error or abuse of discretion on the part of the trial court.

Based on the foregoing, the September 26, 2024 orders terminating Father's parental rights entered by the Montgomery Circuit Court are affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Marsha Megan Hughes Richmond<br>Mt. Sterling, Kentucky | Dilissa G. Milburn<br>Mayfield, Kentucky |